<table>
<tr><td colspan="2"><b>United States Bankruptcy Court</b><br><b>District of Delaware</b></td><td><b>Voluntary Petition</b></td></tr>
</table>

| | |
|---|---|
| Name of Debtor:  Broadway 401 LLC | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): 6772 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City and State): 80 Broad Street New York, NY 10004 | Street Address of Debtor (No. and Street, City and State): ZIP CODE |
| County of Residence or of the Principal Place of Business: New York, NY | County of Residence or of the Principal Place of Business: |
| Mailing address of Debtor (if different from street address): | Mailing address of Debtor (if different from street address): ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):
401 Massachusetts Avenue NW, Washington, DC

**Type of Debtor** (Form of Organization) (Check one box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ■ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)

- ☐ Health Care Business
- ■ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ■ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ■ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ■ A plan is being filed with this petition.
- ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition | Name of Debtor(s): Broadway 401 LLC |
|---|---|
| *(This page must be completed and filed in every case.)* | |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See Schedule 1 Attached** | Case Number: | Date Filed: |
| District: Delaware | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s) (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

■  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

■   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Broadway 401 LLC |
|---|---|
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X _Neil B. Glassman_ (signature)
Signature of Attorney for Debtor(s)

Neil B. Glassman, Esq. (No. 2087)
Printed Name of Attorney for Debtor(s)

Bayard, P.A.
Firm Name

222 Delaware Avenue, Suite 900
Address

Wilmington, DE 19899

302-429-4224
Telephone Number

January 11, 2010
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

| Signature of Debtor (Corporation/Partnership) |
|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _David Weidler_ (signature)
Signature of Authorized Individual
David Weidler
Printed Name of Authorized Individual
Manager
Title of Authorized Individual
January 11, 2010
Date

**Pending Bankruptcy Cases Filed by Affiliates**

| | |
|---|---|
| Name of Debtor: | Broadway Mass Associates LLC |
| District: | Delaware |
| Case Number: | Pending |
| Relationship: | Affiliate |
| Date Filed: | January 11, 2010 |
| Judge: | Pending |

| | |
|---|---|
| Name of Debtor: | Broadway Mass TIC I LLC |
| District: | Delaware |
| Case Number: | Pending |
| Relationship: | Affiliate |
| Date Filed: | January 11, 2010 |
| Judge: | Pending |

# United States Bankruptcy Court
## District of Delaware

In re Broadway 401 LLC, *et al.*

Case No. 10-_____ (____)

Chapter 11

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 20 LARGEST UNSECURED CLAIMS[1]

Following is the consolidated list of the debtors' creditors holding the 20 largest unsecured claims. This list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one the creditors holding the 20 largest unsecured claims, indicate that by stating "minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade, debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| iStar Financial Inc. 1114 Ave. of the Americas, 27th Fl. New York, NY 10036 | P: 212-930-9400 F: 212-930-9494 William Burns | Principal and interest under the Mezzanine Loan Agreement dated December 15, 2006 | | $37,514,136.12 |
| Aon Risk Services 1120 20th Street NW Washington D.C., 20036 | P: 202-223-0673 F: 202-331-8409 | Insurance | Unliquidated and disputed | $50,000.00 |
| Broadway Management Co. Inc. 80 Broad Street New York, NY 10004 | P: 212-493-7000 F: 212-493-7032 | Messenger & Travel | | $8,750.36 |
| Broadway Management Co. Inc. 80 Broad Street New York, NY 10004 | P: 212-493-7000 F: 212-493-7032 | Insurance | | $494,034.00 |
| Broadway Mass Development LLC 80 Broad Street New York, NY 10004 | P: 212-493-7000 F: 212-493-7032 | Management Fee | | $799,999.98 |

---

[1] Due to the exigent circumstances of the filing of the chapter 11 petitions, the Debtors reserve the right to amend this list.

| | | | | |
|---|---|---|---|---|
| Carmel & Carmel<br>5301 Wisconsin Ave. NW,<br>Ste. 570<br>Washington D.C. 20015 | P: 202-237-1700<br>F: 202-237-1701 | Legal Services | | $6,718.82 |
| CSC<br>2711 Centerville Road<br>Wilmington, DE 19808 | P: 800-927-9800<br>F: 302-636-5454 | Registration<br>Fees | | $12,029.70 |
| Fahrenheit LLC<br>1054 31st Street NW<br>Washington D.C. 20007 | P: 202-944-4099<br>F: 202-944-4029 | Construction<br>Costs | | $10,678.59 |
| GHA Condominium<br>3020 Hamaker Ct, Ste. 300<br>Fairfax, VA 22031 | P: 703-752-8300<br>F: 703-876-9594 | Condo<br>Management | Unliquidated and<br>disputed | $31,868.90 |
| Greenstein Delorme<br>1620 L St. NW, Ste. 900<br>Washington D.C. 20036-5605 | P: 202-452-1400<br>F: 202-452-1410 | Legal Services | Unliquidated and<br>disputed | $122,004.09 |
| Jemal's Douglas Stereo<br>c/o Adams National Bank<br>1130 Conn. Ave. NW<br>Washington D.C. 20036 | P: 202-772-3700<br>F: 202-835-3871 | Rent | Unliquidated and<br>disputed | $24,058.00 |
| Leshkowitz & Co.<br>270 Madison Ave.<br>NY, NY 10016 | P: 212-532-5550<br>F: 212-532-4007 | Accounting<br>Services | Unliquidated and<br>disputed | $25,054.75 |
| Wayne Lopkin<br>52 Vanderbilt Ave., Ste. 1007<br>NY, NY 100017 | P: 212-687-2900 | Legal Services | | $2,863.00 |
| McWilliams Ballard<br>625 N. Washington St. #304<br>Alexandria, VA 22314 | P: 703-535-5500<br>F: 703-535-5551<br>Chris Ballard | Broker Services | Unliquidated and<br>disputed | $52,957.66 |
| Merrick Towle<br>Communications<br>5801-F Ammendale Road<br>Beltsville, MD 20705 | P: 301-974-6000<br>F: 240-264-1292 | Advertising | Unliquidated and<br>disputed | $33,018.18 |
| Morrison Cohen LLP<br>909 Third Ave.<br>NY, NY 10022 | P: 212-735-8600<br>F: 212-735-8708 | Legal Services | Unliquidated and<br>disputed | $14,025.07 |
| Pillsbury Winthrop Shaw<br>1540 Broadway<br>New York, NY 10036-4039 | P: 212-858-1000<br>F: 212-858-1500 | Legal Services | | $11,792.58 |
| Snider & Weinstein<br>900 17th Street NW<br>Ste. 410<br>Washington D.C. 20006 | P: 202-293-9400<br>F: 202-293-9401 | Legal Services | Unliquidated and<br>disputed | $13,758.75 |
| Sugarplum Tent Company<br>17125 Darnestown Road<br>Boyds, MD 20841 | P: 301-869-2054<br>F: 301-972-8554 | Marketing | | $5,161.14 |
| Washington Post<br>P.O. Box 17641<br>Baltimore, MD 21297-1641 | P: 202-334-6000<br>F: 202-374-7685 | Advertising | Unliquidated and<br>disputed | $47,946.40 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

I, David Weidler, Manager of the Debtors in these cases, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: <u>January 11, 2010</u>                    Signature: _David Weidler_____
                                                        Manager

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U.S.C. §§ 152 and 3571

3

# CERTIFICATE OF BROADWAY 401 MANAGER LLC

This Certificate, dated as of December 24, 2009, is given in connection with that certain Settlement Agreement by and among PB Capital Corporation, as Agent for Lenders (*"Agent"*), Lenders, Broadway 401 LLC (*"Borrower"*), Broadway Mass Associates LLC, Broadway Mass TIC I LLC, and Joseph Neumann and Samuel Weiss, dated as of December 24, 2009 (the *"Settlement Agreement"*). All capitalized terms used but not defined herein shall have the meaning set forth in the Settlement Agreement.

Broadway 401 Manager LLC (*"Manager"*), as the manager of Borrower, hereby certifies to Agent and Lenders as follows as of the date hereof:

1.  There have been no changes or additions to, and no action by any of the members, shareholders, officers or directors of Manager and/or Borrower to approve any changes or additions to, any of the Operating Agreements or the Certificates of Formation of Manager or Borrower (the *"Organizational Documents"*) since December 15, 2006, except as set forth in that certain Omnibus Amendment to Limited Liability Company Agreements dated as of December 15, 2006 and that certain Omnibus Amendment to Limited Liability Company Agreements dated as of December 24, 2009, attached hereto as <u>Exhibit A</u> (collectively, the *"Omnibus Amendments"*). The Organizational Documents of Manager and Borrower delivered to Agent in connection with the closing of the Loan Agreement on the Closing Date (as defined in the Loan Agreement) and the Omnibus Amendments are in full force and effect.

2.  Each of the individuals named on <u>Exhibit B</u> attached hereto is a duly elected and qualified officer of Manager and holds the office set forth opposite such individual's name. The specimen signature set forth opposite the name and title of each such individual is the genuine signature of each such individual.

3.  Attached hereto as <u>Exhibit C</u> is a true, correct and complete copy of resolutions of the Manager entered into on or about the date hereof. Such resolutions have not been modified, are in full force and effect and reflect action validly taken by the Manager in accordance with Manager's Organizational Documents and applicable law.

*(Signatures attached on following page)*

**IN WITNESS WHEREOF,** Manager executed this Certificate on the date first written above.

BROADWAY 401 MANAGER LLC

By: _____
Name:    Charles Herzka
Title:     Manager and Member


BROADWAY 401 MANAGER LLC

By: _____
Name:    David Weldler
Title:     Manager and Member

**Exhibit A**

<u>Omnibus Amendments</u>

(see attached)

# OMNIBUS AMENDMENT

## TO

## LIMITED LIABILITY COMPANY AGREEMENTS

THIS OMNIBUS AMENDMENT is made as of the 15th day of December, 2006 (this "Amendment"), to the limited liability company agreements set forth on Exhibit A hereto (each an "Operating Agreement", collectively, the "Operating Agreements") of each limited liability company set forth on Exhibit B hereto (each, a "Company" and collectively, the "Companies"). This Amendment is made by, in the case of each Company, its member(s) and its manager(s), and the undersigned (each a "Borrower Party", collectively, the "Borrower Parties").

WHEREAS, Broadway 425 Massachusetts Ave Mezz TIC LLC, a Delaware limited liability company, Broadway 425 Massachusetts Ave Mezz TIC LLC, a Delaware limited liability company, and Broadway 401 Massachusetts Ave Mezz LLC, a Delaware limited liability company, desire to obtain a mezzanine loan from iStar Financial Inc., as agent and lender (the "Mezzanine Lender") in the maximum aggregate principal amount of $25,000,000 (the "Mezzanine Loan");

WHEREAS, Broadway Mass Associates LLC, a Delaware limited liability company, Broadway Mass TIC I LLC, a Delaware limited liability company, and Broadway 401 LLC, a Delaware limited liability company, desire to obtain a construction loan from PB Capital Corporation, as agent and lender, and iStar Financial Inc., as lender (collectively the "Senior Lender") in the maximum aggregate principal amount of $190,000,000 (the "Senior Loan");

WHEREAS, in connection with the Senior Loan and the Mezzanine Loan, the Borrower Parties desire to amend the Operating Agreements in accordance with the terms of this Amendment.

NOW, THEREFORE, the Borrower Parties hereby agree to amend each Operating Agreement as follows:

1.      Each Operating Agreement is hereby amended by adding the following paragraph:

**Bankruptcy.**   Notwithstanding anything to the contrary contained herein, without the express written approval of Samuel Weiss, acting in his capacity as a manager or controlling member of each of SSW-Mass LLC and WNK-Mass LLC, in each limited liability company's capacity as a direct or indirect owner (as the case may be) of the Company and/or any entity that the Company Controls, the Manager, any Member of the Company or the Company itself shall in no event: (i) institute proceedings to adjudicate the Company or any entity that it Controls a Bankrupt, or (ii) consent to the filing of a Bankruptcy proceeding against the Company or any entity that it Controls, or (iii) file a petition or answer or consent

seeking reorganization of the Company or any entity that it Controls under the Bankruptcy Code of 1978 or any other similar applicable federal or state law, or (iv) consent to the filing of any such petition against the Company or any entity that it Controls, or (v) consent to the appointment of a receiver or liquidator or trustee or assignee in bankruptcy or insolvency of the Company or any entity that it Controls or of their respective property, or (vi) make an assignment for the benefit of creditors of the Company or any entity that it Controls, or (vii) admit the inability of the Company or of any entity that the Company Controls to pay its debts generally as they become due. Any such act taken by the Manager, any Member of the Company or the Company itself, without the express written approval of Samuel Weiss pursuant to this Section, shall be null and void ab initio.

2.    Except as expressly amended hereby, each Operating Agreement is, and shall remain, in full force and effect.

3.    This provisions of this Amendment shall not be amended, modified or waived without the prior written consent of the Senior Lender (if the Senior Loan is outstanding) and the Mezzanine Lender (if the Mezzanine Loan is outstanding). The Senior Lender (if the Senior Loan is outstanding) and the Mezzanine Lender (if the Mezzanine Loan is outstanding) are intended third-party beneficiaries of this Section 3.

4.    This Amendment shall be governed by and construed under the laws of the State of Delaware (without regard to conflict of laws principles).

5.    This Amendment may be executed in any number of counterparts, each of which shall be deemed an original of this Amendment and all of which together shall constitute one and the same instrument.

6.    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the respective Company's Operating Agreement.

*[Remainder of this page intentionally left blank.]*

6998/53853-001 Current/9148369v4

This Omnibus Amendment is made as of the 15th day of December, 2006.

BROADWAY 401 MASS PARTIES, LLC,
its member

By: LM-MASS LLC

By: _____
   Name: Lazar Muller
   Title: Sole Member

By: SSW-MASS LLC

By: _____
   Name: Samuel Weiss
   Title: Sole Member

By: WNK-MASS LLC

By: _____
   Name: Samuel Weiss
   Title: Sole Member

NHW BROADWAY 401 LLC

By: _____
  Name: Charles Herzka
  Title: Manager

NHW BROADWAY MASS LLC

By: _____
  Name: Charles Herzka
  Title: Manager

[Signatures continued on next page.]

This Omnibus Amendment is made as of the 15th day of December, 2006.

BROADWAY 401 MASS PARTIES, LLC,
its member

By:   LM-MASS LLC

        By:  _____
            Name:  Lazar Muller
            Title:   Sole Member

By:   SSW-MASS LLC

        By:  _____
            Name:  Samuel Weiss
            Title:   Sole Member

By:   WNK-MASS LLC

        By:  _____
            Name:  Samuel Weiss
            Title:   Sole Member

NHW BROADWAY 401 LLC

By:  _____
     Name:  Charles Herzka
     Title:   Manager

NHW BROADWAY MASS LLC

By:  _____
     Name:  Charles Herzka
     Title:   Manager

[Signatures continued on next page.]

3

This Omnibus Amendment is made as of the 13th day of December, 2006.

BROADWAY 401 MASS PARTIES, LLC,
its member

By:     LM-MASS LLC

    By:     _____
          Name:   Lazar Muller
          Title:  Sole Member

By:     SSW-MASS LLC

    By:     _____
          Name:   Samuel Weiss
          Title:  Sole Member

By:     WNK-MASS LLC

    By:     _____
          Name:   Samuel Weiss
          Title:  Sole Member


NHW BROADWAY 401 LLC

By: *Charles Herzka*
Name:  Charles Herzka
Title:   Manager

NHW BROADWAY MASS LLC

By: *Charles Herzka*
Name:  Charles Herzka
Title:   Manager

[Signatures continued on next page.]

LM-MASS LLC

By: _Lazar Muller_

    Name:  Lazar Muller
    Title:   Sole Member

SSW-MASS LLC

By: _____

    Name:  Samuel Weiss
    Title:   Sole Member

WNK-MASS LLC

By: _____

    Name:  Samuel Weiss
    Title:   Sole Member


BROADWAY MEZZ 401, LLC

By:    BROADWAY 401 MANAGER LLC,
       a Delaware limited liability company


    By: _____
    Name:
    Title:  Manager

BROADWAY MASS MEZZ LLC

By:    BROADWAY MASS MANAGER LLC,
       a Delaware limited liability company


    By: _____
    Name:
    Title:  Manager


[Signatures continued on next page.]

4

LM-MASS LLC

By: _Lazar Muller_
 Name: Lazar Muller
 Title: Sole Member

SSW-MASS LLC

By: _____
 Name: Samuel Weiss
 Title: Sole Member

WNK-MASS LLC

By: _____
 Name: Samuel Weiss
 Title: Sole Member


BROADWAY MEZZ 401, LLC

By: BROADWAY 401 MANAGER LLC,
 a Delaware limited liability company


 By: _____
 Name:
 Title: Manager

BROADWAY MASS MEZZ LLC

By: BROADWAY MASS MANAGER LLC,
 a Delaware limited liability company


 By: _____
 Name:
 Title: Manager


[Signatures continued on next page.]

[Signatures continued from previous page.]

LM-MASS LLC

By: _____
    Name:  Lazar Muller
    Title:   Sole Member

SSW-MASS LLC

By: _____
    Name:  Samuel Weiss
    Title:   Sole Member

WNK-MASS LLC

By: _____
    Name:  Samuel Weiss
    Title:   Sole Member

METROPOLITAN 47TH LLC

By: _____
    Name:  Lazar Muller
    Title:

BROADWAY MEZZ 401, LLC

By:  BROADWAY 401 MANAGER LLC,
     a Delaware limited liability company

     By: _____
     Name:  David Weidler
     Title:   Manager

[Signatures continued on next page.]

BROADWAY MASS MEZZ LLC

By:     BROADWAY MASS MANAGER LLC,
        a Delaware limited liability company

    By: _____
    Name: David Weidler
    Title:   Manager

BROADWAY MASS ASSOCIATES LLC,
a Delaware limited liability company

By:     BROADWAY MASS MANAGER LLC,
        a Delaware limited liability company

    By: _____
    Name:  David Weidler
    Title:   Manager

BROADWAY MASS TIC I LLC,
a Delaware limited liability company

By:     BROADWAY MASS MANAGER LLC,
        a Delaware limited liability company

    By: _____
    Name:  David Weidler
    Title:   Manager

BROADWAY 401 LLC,
a Delaware limited liability company

By:  BROADWAY 401 MANAGER LLC,
     a Delaware limited liability company

     By: _David Wel_____
     Name:  David Weldler
     Title:   Manager

BROADWAY 401 MASSACHUSETTS AVE MEZZ LLC,
a Delaware limited liability company

By:     BROADWAY 401 MANAGER LLC,
        a Delaware limited liability company

        By: _David Wel_____
        Name:  David Weldler
        Title:   Manager

BROADWAY 425 MASSACHUSETTS AVE MEZZ LLC,
a Delaware limited liability company

By:     BROADWAY MASS MANAGER LLC,
        a Delaware limited liability company

        By: _David Wel_____
        Name:  David Weldler
        Title:   Manager

[Signatures continued on next page.]

BROADWAY 425 MASSACHUSETTS AVE MEZZ TIC LLC,
a Delaware limited liability company

By:    BROADWAY MASS MANAGER LLC,
a Delaware limited liability company

By: _____
Name: David Weldler
Title: Manager

BROADWAY 401 MANAGER LLC,
a Delaware limited liability company

By: _____
Name: David Weldler
Title: Manager

BROADWAY MASS MANAGER LLC,
a Delaware limited liability company

By: _____
Name: David Weldler
Title: Manager

**Exhibit A**

1. Limited Liability Company Agreement of Broadway Mass Mezz LLC, dated as of December 21, 2004.

2. Limited Liability Company Agreement of Broadway Mezz 401 LLC, dated as of August 16, 2005.

3. Limited Liability Company Agreement of Broadway 401 Massachusetts Ave Mezz LLC, dated as of December 15, 2006.

4. Limited Liability Company Agreement of Broadway 425 Massachusetts Ave Mezz LLC, dated as of December 15, 2006.

5. Limited Liability Company Agreement of Broadway 425 Massachusetts Ave Mezz TIC LLC, dated as of December 15, 2006.

6. Amended and Restated Limited Liability Company Agreement of Broadway 401 LLC, dated as of December 16, 2006.

7. Amended and Restated Limited Liability Company Agreement of Broadway Mass Associates LLC, dated as of December 15, 2006.

8. Amended and Restated Limited Liability Company Agreement of Broadway MassTIC I LLC, dated as of December 15, 2006.

6998/53853-001 Current/9148369v4

**Exhibit B**

1. Broadway Mass Mezz LLC
2. Broadway Mezz 401 LLC
3. Broadway 401 Massachusetts Ave Mezz LLC
4. Broadway 425 Massachusetts Ave Mezz LLC
5. Broadway 425 Massachusetts Ave Mezz TIC LLC
6. Broadway 401 LLC
7. Broadway Mass Associates LLC
8. Broadway Mass TIC I LLC

6998/53853-001 Current/9148369v4

<u>SECOND OMNIBUS AMENDMENT</u>
<u>TO</u>
<u>LIMITED LIABILITY COMPANY AGREEMENTS</u>

**THIS OMNIBUS AMENDMENT** is made as of the 24th day of December, 2009 (this "<u>Amendment</u>"), to those certain Amended and Restated Limited Liability Company Agreements, each dated December 15, 2006, as amended by that certain Omnibus Amendment to Limited Liability Company Agreements, dated December 15, 2006 (each, an "<u>Operating Agreement</u>") of BROADWAY 401 LLC, a Delaware limited liability company, BROADWAY MASS ASSOCIATES LLC, a Delaware limited liability company, and BROADWAY MASS TIC I LLC, a Delaware limited liability company (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>").

**WHEREAS**, in connection with (i) that certain Settlement Agreement (the "<u>Senior Settlement Agreement</u>"), dated as of the date hereof, by and among the Companies, JOSEPH NEUMANN, an individual ("<u>Neumann</u>"), SAMUEL WEISS, an individual ("<u>Weiss</u>"), PB CAPITAL CORPORATION ("<u>PB Capital</u>"), a Delaware corporation, as agent for lenders, and PB Capital, PB (USA) REALTY CORPORATION and iSTAR FINANCIAL, INC. ("<u>iStar</u>"), as lenders, under the Consolidated, Amended and Restated Construction Loan Agreement dated as of December 15, 2006; and (ii) that certain Settlement Agreement (the "<u>Mezz Settlement Agreement</u>"), dated as of the date hereof, by and among Broadway 401 Massachusetts Ave Mezz LLC, Broadway 425 Massachusetts Ave Mezz LLC and 425 Massachusetts Ave Mezz TIC LLC, each a Delaware limited liability company, the Companies, Neumann, Weiss, and iStar, as agent and lender under the Mezzanine Loan Agreement dated as of December 15, 2006, the Member of each Company, PB Capital and iStar desire to amend the Operating Agreements in accordance with the terms of this Amendment.

**NOW, THEREFORE,** in consideration of the covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the parties hereto, the parties hereto agree to amend each Operating Agreement as follows:

1.  Section 5(d) of each Operating Agreement is hereby amended by adding the following sentence to the end of each such section:

"Notwithstanding anything to the contrary in this Section 5 or any other provision of this Agreement, on and after December 24, 2009, (i) the Company shall no longer be required to have at least one Springing Member and (ii) any Springing Member(s) in office on December 24, 2009, shall automatically be deemed to have been removed by the Member on and effective as of such date."

2.  Section 10 of each Operating Agreement is hereby amended by adding the following sentence to the end of each such section:

"Notwithstanding anything to the contrary in this Section 10 or any other provision of this Agreement, on and after December 24, 2009, (i) the Company shall no longer be required to have at least one Independent Manager and (ii) any Independent Manager(s) in office on December 24, 2009, shall automatically be deemed to have been removed by the Member on and effective as of such date."

3.     Section 9(d)(iii) of each Operating Agreement is hereby amended by deleting each such section in its entirety and replacing it with the following:

"Notwithstanding any other provision of this Agreement and any provision of law that otherwise so empowers the Company, the Member or any other Person, so long as any Obligation or the Mezzanine Loan is outstanding, no Person shall be authorized or empowered, nor shall they permit the Company, without the prior consent of the Member, the Lender, if any Obligation is outstanding, and the Mezzanine Lender, if the Mezzanine Loan is outstanding, to take any Material Action."

4.     Except as expressly amended hereby, each Operating Agreement is, and shall remain, in full force and effect.

5.     This Amendment shall not be amended, modified or waived without the prior written consent of any Member of a Company affected thereby, the Lender, if any Obligation is outstanding, and the Mezzanine Lender, if the Mezzanine Loan is outstanding. The Lender, if any Obligation is outstanding, and the Mezzanine Lender, if the Mezzanine Loan is outstanding, are intended third-party beneficiaries of this Section 5.

6.     This Amendment shall be governed by and construed under the laws of the State of Delaware (without regard to conflict of laws principles).

7.     Capitalized terms not otherwise defined herein shall have the meanings given to each such term in the respective Company's Operating Agreements.

[Remainder of page left blank]

**THE COMPANIES:**

**BROADWAY 401 LLC,**
a Delaware limited liability company

By:    BROADWAY 401 MANAGER LLC,
       a Delaware limited liability company

       By: _____
       Name:
       Title:


**BROADWAY MASS ASSOCIATES LLC,**
a Delaware limited liability company

By:    BROADWAY MASS MANAGER LLC,
       a Delaware limited liability company

       By: _____
       Name:
       Title:


**BROADWAY MASS TIC I LLC,**
a Delaware limited liability company

By:    BROADWAY MASS MANAGER LLC,
       a Delaware limited liability company

       By: _____
       Name:
       Title:

**THE LENDER:**

PB CAPITAL CORPORATION

By: _Ann S. Wilhelm_
Name: Ann S. Wilhelm
Title: Senior Director

By: _Robert J. Persico_
Name: ROBERT J. PERSICO
Title: MANAGING DIRECTOR

**THE MEZZANINE LENDER:**

iSTAR FINANCIAL INC.

By: _____

Name: **William Burns**

Title: **Senior Vice President**

## Exhibit B

| Name | Title | Signature |
|------|-------|-----------|
| David Weldler | Manager and Member | *David Weldler* |

**Exhibit C**

Resolutions

(see attached)

**WRITTEN CONSENT OF**
**BROADWAY 401 LLC**

The undersigned, (i) Broadway 401 Manager LLC, in its capacity as the manager (the "Manager") of (x) Broadway 401 LLC, a Delaware limited liability company (the "Company"), (y) Broadway Mezz 401, LLC, which is the sole member of Broadway 401 Massachusetts Ave Mezz LLC (the "Mezz Borrower"), and (z) Mezz Borrower which is the sole member of the Company; (ii) SSW-Mass LLC ("SSW"), an indirect owner of the Company; and (iii) WNK-Mass LLC (together with SSW, collectively, the "Member"), an indirect owner of the Company, hereby consent in writing to the taking of the following actions without a meeting and adopt the resolutions set forth below.

**RESOLVED**, that, in the judgment of the Manager and Member of the Company, it is desirable and in the best interests of the Company, its lenders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code"); and it is further

**RESOLVED**, that, in the judgment of the Manager and Member of the Company, it is desirable and in the best interests of the Company, its lenders and other interested parties that the Company enter into and execute global settlements with PB Capital Corporation, as agent, and iStar Financial Inc., as agent; and it is further

**RESOLVED**, that the appropriate officers of the Company as set forth on Exhibit A attached hereto, and such other officers of the Company as they may from time to time designate (collectively, the "Authorized Officers"), are hereby authorized, empowered and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time and as said Authorized Officers executing the same shall determine; and it is further

**RESOLVED**, that the law firm of Lovells LLP, is hereby employed as attorneys for the Company in the Company's chapter 11 case and in other related matters, *nunc pro tunc* to May 1, 2009, subject to bankruptcy court approval; and it is further

**RESOLVED**, that the Company acknowledges that Lovells LLP has in the past acted as counsel for Mr. Joseph Neumann. In the event that any conflict between the interests of the Company and Mr. Neumann arises during the bankruptcy process, the Company acknowledges that Lovells LLP will represent the Company and not Mr. Neumann; provided, however, that Lovells LLP shall not be asked by the Company to bring litigation against Mr. Neumann; and it is further

**RESOLVED**, that the law firm of Bayard, P.A. is hereby employed as local counsel for the Company in the Company's chapter 11 case, and in other related matters, on such terms and conditions as the Authorized Officers of the Company shall approve, subject to bankruptcy court approval; and it is further

**RESOLVED**, that the appropriate Authorized Officers of the Company are hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals, and to take and perform any and

all further deeds that they deem necessary, proper or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the appropriate Authorized Officers of the Company be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the chapter 11 case, to effectuate the restructuring of debt, other obligations, organizational form and structure and ownership of the Company and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions; and it is further

**RESOLVED**, that any and all past actions heretofore taken by officers or members of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF,** the undersigned hereby consent to and approve and adopt these resolutions as of ~~November~~ _____, 2009.
December

_David Weldler_
BROADWAY 401 MANAGER LLC
By: David Weldler, Manager


INDEPENDENT MANAGERS
By:


_____
SSW-MASS LLC
By: Samuel Weiss, Sole Member


_____
WNK-MASS LLC
By: Samuel Weiss, Sole Member

IN WITNESS WHEREOF, the undersigned hereby consent to and approve and adopt these resolutions as of December _____, 2009.

BROADWAY 401 MANAGER LLC
By: David Weidler, Manager

SSW-MASS LLC
By: Samuel Weiss, Sole Member

WNK-MASS LLC
By: Samuel Weiss, Sole Member

## EXHIBIT A

Authorized Officers

David Weldler, Manager