**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BROADWAY 401 LLC[1] | ) | Case No. 10-10070 (KJC) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BROADWAY MASS ASSOCIATES LLC | ) | Case No. 10-10071 (KJC) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BROADWAY MASS TIC I LLC | ) | Case No. 10-10072 (KJC) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR ORDER DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES**

Broadway 401 LLC, Broadway Mass Associates LLC and Broadway Mass TIC I LLC, the above captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), by this motion (this "Motion"), seek entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") consolidating these chapter 11 cases (each a "Case",

---

[1] The Debtors, along with the last four digits of each Debtors' federal tax identification number, are: Broadway 401 LLC, a Delaware limited liability company (6772), Broadway Mass Associates LLC, a Delaware limited liability company (8668), and Broadway Mass TIC I LLC, a Delaware limited liability company (3760). The address for each of the Debtors is 80 Broad Street, New York, NY 10004.

and collectively the "Cases") for procedural purposes only and directing the joint administration of the Cases. In support of this Motion, the Debtors submit the Declaration of David Weldler, the Manager of each of the Debtors (the "Welder Declaration"), filed contemporaneously herewith, and further state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The predicate for the relief requested herein is Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**BACKGROUND**

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

5. On the Petition Date, the Debtors also filed, among other pleadings, the *Joint Prepackaged Plan of Reorganization of Broadway 401 LLC, Broadway Mass Associates LLC and Mass TIC I LLC Under Chapter 11 of the United States Bankruptcy Code* (the "Plan"), and the *Disclosure Statement for Joint Prepackaged Plan of Reorganization of Broadway 401 LLC Broadway Mass Associates LLC and Mass TIC I LLC* (the "Disclosure Statement"). The Plan seeks to convey clean title to the Debtors' sole asset, which consists of real property that is improved with two adjoining buildings located at 401 and 425 Massachusetts Avenue, Washington, D.C. and known as "The Dumont" (the "Property"), in exchange for Cash consideration from a third-party purchaser or simply in satisfaction of the Senior Lender Claims.

The Plan will pay all Allowed Administrative Claims, Other Priority Claims, Other Secured Claims, and Priority Tax Claims in full.

6. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' chapter 11 cases.

8. Reference is made to the Weldler Declaration for a description of the Debtors' businesses, the capital structure, and the circumstances leading to commencement of the chapter 11 filings.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek an order consolidating the Cases for procedural purposes only and directing the joint administration of the Cases.

**BASIS FOR RELIEF**

10. Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b); *see also* Del. Bankr. L.R. 1015-1.

11. The Bankruptcy Code defines "affiliate" in relevant part as:

> [A] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled or held with power to vote, by…an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor. . . .

11 U.S.C. §§ 101(2)(B).

12. Samuel Weiss and Lazar Muller each indirectly hold in excess of 20 percent of the outstanding voting securities with power to vote of Broadway 401 LLC; Samuel Weiss indirectly holds in excess of 20 percent of the outstanding voting securities with power to vote of

Broadway Mass Associates LLC (Lazar Muller is also an indirect holder, but holds less than 20 percent of the outstanding voting securities with power to vote), thereby making Broadway 401 LLC and Broadway Mass Associates LLC "affiliates" under section 101(2)(B) of the Bankrupty Code; and Lazar Muller indirectly holds in excess of 20 percent of the outstanding voting securities with power to vote of Broadway Mass TIC I, thereby making Broadway 401 LLC and Broadway Mass TIC I "affiliates" under section 101(2)(B) of the Bankrupty Code.

13. Therefore, each Debtor is an "affiliate" with at least one other Debtor within the meaning of section 101(2)(B) of the Bankruptcy Code and all, to some percentage, share common parents, i.e., Samuel Weiss and Lazar Muller. In addition, as set forth in the Weldler Declaration, all of the Debtors are borrowers under a senior loan, the proceeds of which were used to develop the Debtors' real property which is the subject of the Cases and, thus, share a commonality that makes joint administration of the Cases appropriate.

14. Joint administration is warranted in the Cases because it will ease the administrative burden of the Court, the Debtors and parties-in-interest. The Debtors anticipate that each Case will proceed on the same timetable and that most, if not all, of the notices, applications, motions and other pleadings filed and orders entered in the Cases will affect most, if not all, of the Debtors. In addition, joint administration will allow the Clerk of the Court to use a single docket for the Cases rather than maintaining three different dockets. Similarly, joint administration will eliminate the need for duplicative notices, applications, motions and orders, thereby allowing the Debtors and parties-in-interest in the Cases to (a) file one pleading in a consolidated case rather than separate pleadings in each Case, (b) combine and streamline the service of pleadings and notices on creditors and other parties-in-interest and (c) monitor the Cases by reviewing only one docket.

15. The rights of the Debtors' creditors will not be adversely affected by the proposed procedural joint administration of the Cases. This Motion is **not** a motion for substantive consolidation and does not seek to change the relative rights and remedies of creditors against any of the Debtors.

16. Accordingly, the Debtors request that the caption of the Cases be modified to reflect the joint administration of the Cases, as follows:

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Broadway 401 LLC, et al., | ) | Case No. 10-10070 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

17. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Broadway 401 LLC, Broadway Mass Associates LLC and Broadway Mass TIC I LLC. The docket in Case No. 10-10070 (KJC) should be consulted for all matters affecting this case."

18. This Court has granted similar relief in numerous chapter 11 cases. *See, e.g., In re Source Interlink Companies, Inc.*, Case No. 09-11424 (KG) (Bankr. D. Del. April 29, 2009).

**NOTICE AND PRIOR MOTIONS**

19. Notice of this Motion has been given to (a) the U.S. Trustee for this District, (b) the creditors listed on the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims, (c) counsel to PB Capital Corporation, agent for the Debtors' senior

prepetition lenders and proposed postpetition lenders, and (d) counsel for iStar Financial, Inc., agent for the Debtors' prepetition mezzanine lenders.

20. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice of this Motion is necessary or required.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request that this Court enter an order (i) directing the joint administration of the Cases for procedural purposes only and (ii) granting such other and further relief as is just and proper under the circumstances.

| | |
|---|---|
| Dated: January 11, 2010<br>Wilmington, Delaware | **BAYARD, P.A.**<br><br>/s/ Jamie L. Edmonson<br>Neil B. Glassman, Esq. (No. 2087)<br>Jamie L. Edmonson, Esq. (No. 4247)<br>222 Delaware Avenue, Suite 900<br>Wilmington, Delaware 19899<br>Tel: (302) 655-5000<br>Fax: (302) 658-6395<br>nglassman@bayardlaw.com<br>jedmonson@bayardlaw.com<br><br>- and -<br><br>**LOVELLS LLP**<br>Robin E. Keller, Esq.<br>Christopher R. Bryant, Esq.<br>590 Madison Avenue<br>New York, New York 10022<br>Tel: (212) 909-0600<br>Fax: (212) 909-0660<br>robin.keller@lovells.com<br>christopher.bryant@lovells.com<br><br>Proposed Attorneys for the Debtors and<br>Debtors in Possession |