UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
: Case No. 10-10070 (KJC)
BROADWAY 401 LLC, et al.,[1] :
: Joint Administration Pending
:
Debtors. :
:
------------------------------------------------------------ x

## APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF LOVELLS LLP AS ATTORNEYS *NUNC PRO TUNC* TO PETITION DATE

Broadway 401 LLC, Broadway Mass Associates LLC and Broadway Mass TIC I LLC, debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby submit this application (the "Application") for entry of an order, pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (as amended, the "Local Rules"), authorizing the retention and employment of Lovells LLP ("Lovells"), as the Debtors' attorneys in these chapter 11 cases, *nunc pro tunc* to the Petition Date (as defined below). In support of this Application, the Debtors submit the

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Broadway 401 LLC, a Delaware limited liability company (6772), Broadway Mass Associates LLC, a Delaware limited liability company (8668), and Broadway Mass TIC I LLC, a Delaware limited liability company (3760).

Declaration of Robin E. Keller in Support of the Application, sworn to January 11, 2010 (the "Supporting Declaration"), attached hereto as Exhibit A. In further support of this Application, the Debtors respectfully state as follows:

## Background

**A.  Chapter 11 Cases**

1. On the date hereof (the "Petition Date"), each of the Debtors commenced with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. A motion for joint administration for procedural purposes of the Debtors' chapter 11 cases is pending before the Court. No request for the appointment of a trustee or examiner has been made and no committees have been appointed or designated in the Debtors' chapter 11 cases.

**B.  Debtors' Business Operations**

2. Reference is made to the Declaration Of David Weldler In Support Of Debtors' Chapter 11 Petitions And Various First Day Applications And Motions filed contemporaneously herewith for information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of these chapter 11 cases. In addition, a pre-solicited Joint Prepackaged Plan of Reorganization of Broadway 401 LLC, Broadway Mass Associates LLC and Broadway Mass TIC I LLC Under Chapter 11 of the Bankruptcy Code (the "Plan") and Disclosure Statement[2] have been filed with the Court, which contain extensive background on the Debtors, and the proposed program for these chapter 11 cases.

## Jurisdiction And Venue

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

### Relief Requested

4. The Debtors desire to retain and employ Lovells as their attorneys in connection with the commencement and prosecution of these chapter 11 cases. By this Application, the Debtors request that this Court enter an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing and approving the Debtors' employment and retention of Lovells, as the Debtors' attorneys, to perform the legal services that will be necessary in the Debtors' chapter 11 cases, in accordance with Lovells' normal hourly rates in effect when services are rendered and normal reimbursement policies, but subject in other respects to the fee arrangements set forth in the motion and orders relating to the DIP Credit Facility and in the Senior Settlement Agreement.

5. As required by Bankruptcy Rule 2014(a), this Application sets forth (i) the specific facts showing the necessity for Lovells' employment, (ii) the reasons for the selection of Lovells as attorneys for the Debtors in connection with these chapter 11 cases, (iii) to the best of the Debtors' knowledge, all of Lovells' connections, if any, to certain parties in interest in these chapter 11 cases, (iv) the professional services to be rendered by Lovells, and (v) the proposed arrangement between the Debtors and Lovells for Lovells' compensation. See Fed. R. Bankr. P. 2014(a).

C. **Debtors' Need To Retain Lovells**

6. In August 2008, Joseph Neumann, a New York based real estate developer, principal equity holder in the Debtors Broadway 401 LLC and Broadway Mass Associates LLC, and a principal of the manager of Debtor Broadway Mass TIC I, retained Lovells to advise him on debt defaults and restructuring matters relating to the Dumont, two

3

adjacent, newly constructed condominium projects in Washington, DC. Thus, for more than a year prior to the Petition Date, Lovells has provided advice to Mr. Neumann and the Debtors' managers in connection with their negotiations with Lenders, creditors, and other parties in interest, and consequently is familiar with the Debtors, their business operations and their financial condition. Lovells has worked extensively on the preparation for these chapter 11 cases, including the negotiation and documentation of comprehensive settlement agreements with the Debtors' Senior Lenders, Mezzanine Lenders, litigation claimants, other equity participants and other parties in interest. Lovells prepared the Plan and Disclosure Statement for the Debtors, which has been solicited and accepted by the Senior Lenders prior to the commencement of these cases. In addition, Lovells has prepared the "first day" pleadings, draft orders and other documents that have been, or will soon be, filed in these chapter 11 cases. Lovells is, therefore, particularly qualified to assist the Debtors in their reorganization efforts.

7. Lovells is familiar with the Debtors' business operations and capital structure and is therefore able to immediately and knowledgeably assist the Debtors in their reorganization efforts. To maximize the value of the Debtors' efforts to date, and because of Lovells' expertise in bankruptcy law, the Debtors desire that Lovells represent them in these chapter 11 cases.

I.  **Lovells' Qualifications**

8. Lovells is well suited for the type of representation required by the Debtors. Lovells is one of the largest international law firms in the world with over three thousand people operating from 27 offices throughout Europe, Asia and the United States. Lovells' Business Restructuring and Insolvency practice has been one of the firm's core fields of expertise for more that 50 years with 29 partners and over 44 attorneys practicing worldwide. Lovells' lawyers have experience in all aspects of business restructuring law that may arise in

4

these chapter 11 cases and are supported by specialists in capital markets, banking, litigation, intellectual property, and tax, among other areas of expertise.

9. Robin Keller, a partner in Lovells' New York office, is the head of the Lovells' Business Restructuring and Insolvency Group in the United States. She has practiced in the field of insolvency and reorganization for 30 years. Ms. Keller has extensive experience representing Chapter 11 debtors before this Court. Prior to joining the Lovells firm in May 2007, Ms. Keller was a partner in the Insolvency and Restructuring practice at the firm of Stroock & Stroock & Lavan LLP ("Stroock"). During her tenure at Stroock, Ms. Keller served as lead Debtors' Counsel in In re Columbia Gas Systems, Inc., Case No. 91-00803 (HSB) (Bankr. D. Del. Jul. 31, 1991); In re Anchor Resolution Corp., Case No. 96-01434 (PJW) (Bankr. D. Del. Sept. 13, 1996); In re Planet Hollywood International, Inc., Case No. 99-03612 (DDS) (Bankr. D. Del. Oct. 12, 1999), and as counsel for the Chapter 11 Trustee in In re Epic Capital Corp., Case No. 01-02458 (MFW) (Bankr. D. Del. Jul. 19, 2001).

10. Since joining Lovells in 2007, Ms. Keller and her colleagues at Lovells, have played prominent roles representing creditors in several complex restructurings before this Court and courts in other domestic bankruptcy jurisdictions, including, without limitation: In re Global Power, Inc., Case No. 06-11045 (BLS) (Bankr. D. Del. Sept. 26, 2008) (Counsel for Subordinated Noteholders); In re USI Senior Holdings, Inc. d/b/a/ United Subcontractors, Case No. 09-11150 (MFW) (Bankr. D. Del. Mar. 31, 2009) (Counsel to the Agent for Senior Secured Lenders in Prepackaged Restructuring); In re Lehman Brothers Holding Inc., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Sept. 15, 2008) (Counsel for Hedge Funds, Investment Banks, Banks and Companies); In re Delta Mills, Inc., Case No. 06-11144 (CSS) (Bankr. D. Del. Oct. 13, 2006) (Counsel for the Creditors' Committee and Liquidating Trustee); In re Quebecor (World)

USA Inc., Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Jan. 21, 2008) (Counsel for the Indenture Trustee for public and private bonds, and as Co-Chair of Creditors' Committee); In re Capmark, Inc., Case No. 09-13684 (CSS) (Bankr. SDNY Oct. 25, 2009) (Counsel for the Indenture Trustee for public bonds, and as a member of the Creditors' Committee).

## II. Lovells' Disinterestedness

11. To the best of the Debtors' knowledge, information and belief, other than as set forth herein or in the Supporting Declaration, Lovells has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware, or any other party with an actual or potential interest in the Debtors' chapter 11 cases or their attorneys or accountants.

12. As set forth in the attached Supporting Declaration, Lovells has from time to time represented iStar Financial Inc. ("iStar"), a Senior Lender and agent for the Mezzanine Lenders, in unrelated matters through its London office. iStar represents far less than 1% of Lovells' annual revenues and is not represented by the New York office. Lovells obtained a conflict waiver from iStar's general counsel and from the Debtors in connection with this matter.

13. In addition, upon information and belief, the Senior Lenders signed a letter of intent for the sale of the Dumont properties to Equity Residential, which sale may ultimately be accomplished through the Plan. Equity Residential is represented by Hogan & Hartson LLP ("Hogan"). On December 15, 2009, Lovells and Hogan announced their intention to merge the firms effective as of May 1, 2010, subject to various regulatory approvals and other conditions. Both Lovells and Hogan have obtained the consent of their respective clients to continue their respective representations in connection with these cases, and have notified the Senior Lenders and Mezzanine Lenders of this pending relationship. Since this is a consensual, pre-solicited bankruptcy filing, it is the parties' hope and intention that these cases will be confirmed, and any property sales consummated, well before May 1, 2010.

14. Also, Lovells originally represented Joseph Neumann in connection with the Dumont matters, and currently represents him in other unrelated proceedings. Due to applicable ethical rules, Lovells may not be able to commence litigation against a current client without seeking a waiver, and specifically has agreed not to bring litigation against Joseph Neumann.

15. Lovells' international offices also have the following connections to unsecured creditors in these cases.

    (a)    Lovells' office in Hong Kong assisted in a patent application for a third party client of Pillsbury Winthrop Shaw Pittman LLP, a creditor of the Debtors. The matter is now closed.

    (b)    Lovells' office in Beijing assists CSC, a creditor of the Debtors, in unrelated intellectual property matters. CSC represents far less than 1% of Lovells' annual revenues and is not represented by the New York office.

    (c)    Lovells' office in Shanghai assists in intellectual property matters for third party clients of Holland & Knight LLP, a creditor of the Debtors.

16. Lovells is not aware of any other connections with any creditor or party in interest in these cases.

17. Based on the foregoing disclosures, and the Supporting Declaration, to the best of the Debtors' knowledge, information and belief, Lovells does not hold or represent any interest adverse to the Debtors' estates. The Debtors believe that Lovells is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Lovells is necessary and in the best interests of the Debtors, their estates, and their creditors.

### III. Services To Be Provided By Lovells

18. The Debtors anticipate that, in these chapter 11 cases, Lovells will render

7

general legal services as needed, including in the areas of bankruptcy and restructuring, corporate, tax, and litigation. Lovells will provide, among others, some or all of the following legal services:

- (a) advise the Debtors of their rights, powers, and duties as debtors and debtors in possession in the continued management of their business;

- (b) assist the Debtors in reviewing and consummating any transactions contemplated during these cases;

- (c) assist the Debtors in reviewing, estimating, and resolving claims asserted against their estates;

- (d) subject to certain agreements with the Senior Lenders and Mezzanine Lenders, commence and conduct any and all litigation necessary or appropriate to assert rights held by the Debtors or to defend the Debtors, protect assets of their estates, or otherwise further the goal of completing a successful reorganization;

- (e) prepare on behalf of the Debtors all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in the Debtors' chapter 11 cases;

- (f) advise the Debtors concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in the Debtors' chapter 11 cases;

- (g) advise and assist the Debtors in connection with any potential asset dispositions;

- (h) advise the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

- (i) advise and assist the Debtors in connection with the confirmation of a plan of reorganization and related documents, and the wind-up and disposition of any remaining assets and of the Debtor entities; and

- (j) perform all other necessary legal services in connection with the Debtors' chapter 11 cases and other general corporate and litigation matters.

19. The Debtors may, from time to time, request that Lovells undertake specific matters beyond the scope of the responsibilities set forth above. Should Lovells agree, in its sole discretion, to undertake any such specific matters, the Debtors seek authority herein to employ Lovells for such matters, in addition to those set forth above, without further order of this Court.

20. The Debtors require knowledgeable counsel to render these essential professional services. Lovells has substantial expertise in each of these areas and is well-qualified to perform these services and represent the Debtors' interests in these chapter 11 cases. Subject to this Court's approval of this Application, Lovells is willing to serve as the Debtors' counsel and to perform the services described above.

### IV. Lovells' Compensation

21. In connection with the Mezzanine Settlement Agreement and Senior Settlement Agreement (together, the "Settlement Agreements") with the Debtors' prepetition lenders, the Senior Lenders and Mezzanine Lenders agreed to pay Lovells' pre-petition and post-petition fees and expenses in connection with the negotiation, documentation and implementation of the Settlement Agreements up to a maximum of $260,000 for pre-petition fees and expenses, $150,000 for post-petition fees and $30,000 for post-petition expenses.[3] The pre-petition fees and expenses were paid out of cash collateral prior to the Petition Date. Prior to the Petition Date, the only other payments to Lovells were made by Joseph Neumann from funds not belonging to the Debtors. Except as described above, Lovells has received no payments of its fees from the Debtors.

---

[3] Specifically, the $30,000 for post-petition expenses is for out of pocket expenses (such as filing fees, mailing and service costs, trustee's fees and travel and lodging) of the Debtors, Lovells and the Debtors' local counsel.

22. Lovells intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, the guidelines promulgated by the Office of the U.S. Trustee, and pursuant to any additional procedures that may be established by this Court in the Debtors' chapter 11 cases. The Plan provides for the payment of such Allowed Professional Compensation in accordance with the provisions of the Settlement Agreements. All fees and expenses incurred in connection with this retention shall be paid by the Senior Lenders and the Mezzanine Lenders. Joseph Neumann, Samuel Weiss and the Debtors shall have no obligation to Lovells in respect of any fees or expenses.[4] Pursuant to the Senior Settlement Agreement, in the event of delays in these chapter 11 cases, Lovells and the Lenders have agreed that Lovells reserves its right to move or petition the Court to withdraw and resign as counsel to the Debtors if its additional reasonable fees and expenses are not paid by the Senior and Mezzanine Lenders.

23. Lovells seeks compensation at its standard hourly rates, which are based on the professionals' level of experience. At present, the standard hourly rates[5] charged by Lovells range from $640 to $1000 for partners, $615 to $645 for of counsel, $300 to $575 for associates and senior attorneys, and $220 to $275 for legal assistants. These hourly rates are subject to periodic firmwide adjustments in the ordinary course of Lovells' business. Lovells will maintain detailed, contemporaneous records of time and any necessary expenses incurred in connection with the rendering of the legal services described above.

### Basis For Relief

24. Section 327(a) of the Bankruptcy Code provides, in pertinent part, that a

---

[4] Lovells reserves the right to seek payment of unpaid prepetition fees relating to the Dumont matter from Joseph Neumann.

[5] The standard hourly rates indicated reflect the rates charged for Lovells' New York office.

10

debtor-in-possession is authorized, with the court's approval, to employ "attorneys... that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent or assist [the debtor-in-possession] in carrying out [its] duties under [the Bankruptcy Code]." 11 U.S.C. § 327(a). Section 328(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, with the court's approval, "may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis 11 U.S.C. § 328(a). "

## No Previous Request

25. No previous request for the relief sought herein has been made to this or any other court.

## Notice

26. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases. Notice of this Application has been provided to (i) the United States Trustee for the District of Delaware, (ii) those creditors listed on the Debtors' Consolidated List of Creditors Holding 20 Largest Unsecured Claims, and (iii) the administrative agents for the Debtors' prepetition secured lenders and their respective counsel to the extent known. The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached to this Application as Exhibit B, (i) authorizing and approving the Debtors' retention and employment of Lovells as their attorneys in these chapter 11 cases *nunc pro tunc* to the Petition Date and (ii) granting such other and further relief the Court may deem just and proper.

Dated: January 11, 2010

        Broadway 401 LLC

        By: _/s/ David Weldler_
        Broadway 401 Manager LLC
        David Weldler
        Manager


        Broadway Mass Associates LLC

        By: _/s/ David Weldler_
        Broadway Mass Manager LLC
        David Weldler
        Manager


        Broadway Mass TIC I LLC

        By: _/s/ David Weldler_
        Broadway Mass Manager LLC
        David Weldler
        Manager