# ORIGINAL

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Broadway 401 LLC, et al., | ) | Case No. 10-10070 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
### (I) APPROVING THE DEBTORS' (A) DISCLOSURE STATEMENT
### PURSUANT TO SECTIONS 1125 AND 1126(B) OF THE BANKRUPTCY CODE,
### (B) SOLICITATION OF VOTES AND VOTING PROCEDURES, AND (C) FORM OF
### BALLOT, AND (II) CONFIRMING THE DEBTORS' JOINT PREPACKAGED PLAN
### OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

WHEREAS Broadway 401 LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Cases"), as debtors and debtors in possession (collectively, the "Debtors"),[1] having jointly proposed and filed with the United States Bankruptcy Court for the District of Delaware (the "Court"):

(a) the Joint Prepackaged Plan of Reorganization of Broadway 401 LLC, Broadway Mass Associates LLC and Mass TIC I LLC Under Chapter 11 of the United States Bankruptcy Code, dated December 31, 2009 (the "Plan") [Docket No. 7], attached hereto as Exhibit A;

(b) that certain supplement to the Plan, filed with the Court on March 10, 2010 (the "Plan Supplement") [Docket No. 62];

(c) the Disclosure Statement[2] for the Plan, dated December 31, 2009 (the "Disclosure Statement") [Docket No. 7];

(d) the Ballot for voting on the Plan, in the form attached to the Certification of Robin E. Keller of Lovells LLP with Respect to the Tabulation of Votes on the Plan (the "Voting

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Broadway 401 LLC, a Delaware limited liability company (6772), Broadway Mass Associates LLC, a Delaware limited liability company (8668), and Broadway Mass TIC Associates LLC, a Delaware limited liability company (3760). The address for each Debtor is 80 Broad Street, New York, NY 10004.

[2] Capitalized terms that are not otherwise defined herein shall have the meanings given to such terms in the Plan. The rules of construction in section 102 of the Bankruptcy Code shall apply to this Order.

1

Certification") [Docket No. 11], which was duly transmitted to Holders of Class 1 (Senior Lender Claims) in compliance with the procedures (the "Solicitation Procedures") set forth in the Plan, Voting Certification and Ballot; and

   (e) the Voting Certification certifying the unanimous acceptance by Holders of Class 1 (Senior Lender Claims) of the Plan [Docket No. 11];

   WHEREAS the Court entered an order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement, and Confirmation of the Prepackaged Plan of Reorganization; (B) Approving the Procedures for Filing Objections Thereto; (C) Approving the Form and Manner of Notice of the Combined Hearing; and (D) Granting Related Relief (the "Scheduling Order") [Docket No. 25], which, among other things, scheduled the hearing to consider the approval of the adequacy of the Disclosure Statement and the confirmation of the Plan for March 16, 2010 (together, the "Confirmation Hearing"); and

   WHEREAS due notice of the Cases, the Plan, the Disclosure Statement and the Confirmation Hearing has been given to all Holders of Claims against and Interests in the Debtors and other parties-in-interest in compliance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Scheduling Order, as established by the affidavit of service of Uraina L. Norman, a paralegal, of Bayard, P.A., co-counsel to the Debtors, regarding (A) Notice of Hearing on First Day Pleadings and Notice of Filing of Bankruptcy Petitions [Docket No. 37]; (B) Notice of Hearing (Class 1) on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization and Summary of Plan of Reorganization [Docket No. 41]; (C) Notice of Hearing (Classes 2 and 3) on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization and Summary of Plan of Reorganization [Docket No. 41]; and (D) Notice of Hearing (Classes 4-7) on the Adequacy of the Disclosure Statement and

Confirmation of the Prepackaged Plan of Reorganization and Summary of Plan of Reorganization [Docket No. 42] (collectively, the "Notice Affidavits"); and

NOW, THEREFORE, based on the Court's consideration of the entire record of the Cases and the Confirmation Hearing, including (A) the Disclosure Statement, the Plan, the Plan Supplement and the Voting Certification, (B) the Debtors' memorandum of law, dated March 11, 2010, in support of confirmation of the Plan, (C) the declaration of David Weidler, dated March 11, 2010, in support of confirmation of the Plan (the "Confirmation Declaration"), (D) the declaration of Dean Sigmon of Ideal Realty, Inc., dated March 9, 2010 (the "Broker Declaration"), and (E) the Notice Affidavits; and no objections having been filed to the approval of the Disclosure Statement, and the only objection to the confirmation of the Plan, filed by the United States Trustee, having been resolved as provided below with respect to the releases of claims of Holders of Claims in Class 5 (General Unsecured Creditors); and on the arguments of counsel and the evidence presented at the Confirmation Hearing; and the Court having found and determined that the Disclosure Statement should be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Confirmation Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES that:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).  The Court has jurisdiction over the Cases pursuant to 28 U.S.C. § 1334.  Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtors are eligible debtors under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.  The Debtors are plan proponents in accordance with section 1121(a) of the Bankruptcy Code.

C.    Chapter 11 Petitions.  On January 11, 2010 (the "Commencement Date"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code.  No statutory committee of unsecured creditors has been appointed pursuant to section 1102 of the Bankruptcy Code.  Further, in accordance with an order of this Court dated January 21, 2010 [Docket No. 21], the Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

D.    Judicial Notice.  The Court takes judicial notice of the docket of the Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Cases.

E.    Burden of Proof.  The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.  Each Debtor has met such burden.

F.    Adequacy of Disclosure Statement.  The Disclosure Statement (a) is accurate and contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy law, including the Securities Act of 1933, as amended (the "Securities

4

Act"), and Section 10(b) of, and Rule 10b-5 promulgated under, the Securities Exchange Act of 1934, as amended (the "Exchange Act"), (b) contains "adequate information" (as such term is defined in section 1125(a)(1) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the transactions contemplated therein, and (c) is approved in all respects.

G. Voting. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited from Holders of Class 1 (Senior Lender Claims), the only Class of Claims entitled to vote to accept or reject the Plan, and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and applicable nonbankruptcy law.

H. Solicitation. Prior to the Commencement Date, the Plan, the Disclosure Statement, and the Ballot, and, subsequent to the Commencement Date, notice of the Confirmation Hearing, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Scheduling Order. The form of the Ballot adequately addressed the particular needs of these Cases and was appropriate for Holders of Class 1 (Senior Lender Claims). The period during which the Debtors solicited votes to accept or reject the Plan was reasonable under the circumstances of these Cases, was agreed to by the Holders of Class 1 (Senior Lender Claims) prior to the commencement of the Solicitation (as defined below), and enabled such Holders to make an informed decision to accept or reject the Plan. The Debtors were not required to solicit votes from the Holders of Claims in Classes 2 and 3, as these Classes are unimpaired and are conclusively deemed to have accepted the Plan, nor from Holders of Claims in Classes 3-6 or Holders of Interests in Class 7, as these Classes receive no recovery under the Plan and are conclusively deemed to have rejected the Plan. As described in and as evidenced by the Voting Certification and the Notice Affidavits,

the transmittal and service of the Plan, the Disclosure Statement, the Ballot, and the notice of the Confirmation Hearing (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances. The Ballot and the Solicitation of votes to accept or reject the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based on the circumstances of the Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable laws, rule and/or regulations. In connection therewith, the Debtors, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the Debtors are entitled to the protection of section 1125(e) of the Bankruptcy Code.

I.      Notice. As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, and the Ballot were adequate and sufficient under the circumstances, and all parties required to be given notice, including all parties claiming a lien on or interest in the Property, of the Confirmation Hearing (including the deadline for filing and serving objections to the adequacy of the Disclosure Statement and confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Scheduling Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. The notice provided is appropriate in the particular circumstances, sufficient for all purposes under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and is reasonably calculated to apprise all parties in interest of the Plan, the Disclosure Statement, the Confirmation Hearing and the sale and transfer of title to the Property to the 401 Purchaser and 425 Purchaser designated by the Senior Agent in the Plan Supplement, free and clear of all Liens, Claims, Encumbrances, charges, and/or other interests. No other or further notice is required.

J.    Plan Supplement.  On March 10, 2010, the Debtors filed the Plan Supplement and served the same on:  (i) the United States Trustee; (ii) the District Counsel for the Internal Revenue Service; (iii) the District of Columbia Office of Tax and Revenue; (iv) the Senior Agent and Senior Lenders and their respective counsel; (v) the consolidated list of the twenty (20) largest unsecured creditors of the Debtors; and (vi) any other party that has filed in these Cases a request for notice with this Court and served such request upon Debtors' counsel.  All materials included in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents is good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and no other or further notice is or shall be required.

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

K.    Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with all applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors as proponents, thereby satisfying section 1129(a)(l) of the Bankruptcy Code.

(a)    Proper Classification (11 U.S.C. §§ 1122, 1123(a)(l)).  In addition to DIP Facility Claims, Administrative Claims, and Priority Tax Claims, which need not be classified, Article 3 of the Plan classifies seven (7) Classes of Claims and Interests.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests designated by the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b)    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)).  Article 3 and Section 4.02 of the Plan specify that Class 2 (Other Secured Claims) and Class 3 (Other Priority Claims) are not impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, are

deemed to have accepted the Plan, and specify the treatment of Claims in those Classes. Therefore, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

(c) <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Article 3 and Section 4.03 of the Plan specify that Class 4 (Mezzanine Lender Claims), Class 5 (General Unsecured Claims), Class 6 (Intercompany Claims) and Class 7 (Interests) are impaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, are deemed to have rejected the Plan, and specify the treatment of the Claims and Interests in those Classes. Therefore, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

(d) <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(e) <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for the implementation of the Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(f) <u>Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6))</u>. The Debtors will be dissolved subsequent to the Effective Date of the Plan. Therefore, section 1123(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

(g) <u>Designation of Directors and Officers (11 U.S.C. § 1123(a)(7))</u>. The Debtors' current managers and members will continue in place after the Effective Date solely to assist with the winding-up of the Debtors' business and the dissolution of the Debtors following the Effective Date (the "<u>Post-Effective Date Debtors</u>"). Therefore, the Plan satisfies section 1123(a)(7) of the Bankruptcy Code.

(h) <u>Impairment and Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(I))</u>. As permitted by section 1123(b)(I) of the Bankruptcy Code, Article 3

of the Plan designates (I) (i) Class 2 (Other Secured Claims) and (ii) Class 3 (Other Priority Claims) as unimpaired; and (II) (i) Class 1 (Senior Lender Claims; (ii) Class 4 (Mezzanine Lender Claims), (iii) Class 5 (General Unsecured Claims), (vi) Class 6 (Intercompany Claims) and (v) Class 7 (Interests) as impaired.

(i) <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>. Article 6 of the Plan and the Plan Supplement govern the assumption and rejection of executory contracts and unexpired leases and meet the requirements of section 365(b) of the Bankruptcy Code.

(j) <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>. Each of the provisions of the Plan is appropriate and consistent with the applicable provisions of the Bankruptcy Code.

(k) <u>Cure of Defaults (11 U.S.C. § 1123(d))</u>. Section 6.02 of the Plan provides for the satisfaction of default claims associated with each Executory Contract and Unexpired Lease to be assumed pursuant to the Plan and Plan Supplement in accordance with section 365(b)(1) of the Bankruptcy Code. Except to the extent that different treatment has been agreed to by the non-debtor party or parties to any Executory Contract or Unexpired Lease to be assumed pursuant to Article 6 of the Plan, the Debtors shall, pursuant to the provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with the requirements of section 365 of the Bankruptcy Code, on the Effective Date, pay default claims relating to Executory Contracts or Unexpired Leases which are being assumed by the Debtors in Cash from cash collateral or proceeds of the sale of the Property. In the event of a dispute regarding: (a) the amount of any default cure claim; (b) the ability of the Debtors' (or their assignee) to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), if applicable, under the Executory Contract or the Unexpired Lease to be assumed; or (c) any other matter pertaining to assumption, any default cure claims shall be paid, and any additional adequate assurance of future performance shall be provided, in accordance with, and following the entry of, a Final Order resolving the dispute and approving the

9

assumption of such Executory Contracts or Unexpired Leases; provided, however, that the

Debtors may settle any dispute regarding the amount of any default cure claim or the provision

of additional adequate assurance of future performance, as the case may be, without any further

notice to or action, order, or approval of the Bankruptcy Court.

L.    The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

The Debtors have complied with the applicable provisions of the Bankruptcy Code.  Specifically:

(a)    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy

Code;

(b)    The Debtors have complied with applicable provisions of the Bankruptcy Code,

except as otherwise provided or permitted by orders of the Bankruptcy Court; and

(c)    The Debtors have complied with sections 1125 and 1126(b) of the Bankruptcy

Rules, the Local Rules, applicable nonbankruptcy law, the Scheduling Order, and all other

applicable law, in transmitting the Plan, the Disclosure Statement, the Ballot, and related

documents and notices and in soliciting and tabulating the votes to accept or reject the Plan.

M.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Plan, and all other

documents and agreements necessary to effectuate the Plan, have been proposed in good faith

and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy

Code.  Such good faith is evident from the facts and record of the Cases, the Disclosure

Statement, the Confirmation Declaration, the Broker Declaration and the record of the

Confirmation Hearing and other proceedings held in the Cases.  The Plan, which was developed

after many months of analysis and negotiations involving numerous parties and proposals,

including proposals offered by the Senior Agent and Senior Lenders and offers solicited by the

Senior Agent and Senior Lenders from potentially interested parties to purchase the Property,

was proposed with the legitimate and honest purpose of maximizing the value of the Debtors'

estates by effectuating a successful disposition of the assets of the Debtors pursuant to the Plan,

and includes the settlement of numerous disputes between the Debtors, their Lenders, their principals, and other third parties. The Plan (including all documents necessary to effectuate the Plan) was developed and negotiated in good faith and at arms'-length among representatives of the Debtors and the Senior Agent and Senior Lenders. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arms'-length, are consistent with sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtors' successful reorganization.

N.  Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with the Cases, or in connection with the Plan and incident to the Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

O.  Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors will be dissolved after the Effective Date of the Plan. The Debtors' current managers and members will continue in place solely to assist with the winding-up of the Debtors' business and the dissolution of the Debtors. Therefore, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

P.  No Rate Changes (11 U.S.C. § 1129(a)(6)). After confirmation of the Plan, the Debtors' business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable to the Plan.

Q.  Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Confirmation Declaration, the liquidation analysis attached as an exhibit to the Disclosure Statement, and the other evidence proffered or adduced at the Confirmation Hearing (i) are persuasive and credible, (ii) have not been

controverted by other evidence, and (iii) establish that each holder of an Impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

R.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Class 1 (Senior Lender Claims) is impaired and has unanimously voted to accept the Plan.  Class 2 (Other Secured Claims) and Class 3 (Other Priority Claims) are unimpaired under the Plan and are therefore conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code.  Class 4 (Mezzanine Lender Claims), Class 5 (General Unsecured Claims), Class 6 (Intercompany Claims) and Class 7 (Interests) are impaired by the Plan and are not entitled to receive or retain any property under the Plan, and therefore are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  As found and determined in paragraph BB below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that Classes 4 - 7 are Impaired and are deemed to have rejected the Plan.

S.     Treatment of DIP Facility Claims, Administrative Expense Claims, and Priority Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of DIP Facility Claims pursuant to Section 2.01 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Allowed Administrative Expense Claims pursuant to Section 2.02 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 2.03 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

T.     Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Holders of Class 1 (Senior Lender Claims) voted to accept the Plan, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

U.     Feasibility (11 U.S.C. § 1129(a)(11)). The information in the Disclosure Statement, the Confirmation Declaration and the evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible. All of the Debtors' assets are being sold to the 401 Purchaser and 425 Purchaser pursuant to the Plan and the Debtors will be dissolved after the Effective Date. Therefore, the Debtors satisfy the requirements of section 1129(a)(11) of the Bankruptcy Code because the liquidation of the Debtors is contemplated and permitted pursuant to the Plan.

V.     Payment of Fees (11 U.S.C. § 1129(a)(12)). The Plan provides that on the Effective Date, and thereafter as may be required, the Debtors shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

W.     Continuation of Retiree Benefits (11 U.S.C § 1129(a)(13)). The Debtors have no employees and provide no retiree benefits. Therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

X.     No Domestic Support Obligations (11 U.S.C. § 1129(a)(14)). The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Plan.

Y.     Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15)). The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Plan.

Z.     No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16)). The Debtors are each a moneyed business and/or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to the Plan.

AA.    Fair and Equitable: No Unfair Discrimination (11 U.S.C. § 1129(b)). Classes 4 - 7 are deemed to have rejected the Plan. Based on the evidence proffered, adduced, and presented by the Debtors in the Confirmation Declaration and at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by these Classes.

BB.    Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in the Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Cases.

CC.    Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental entity has objected to the confirmation of the Plan on any such grounds. Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

DD.    Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record before the Court, the Confirmation Declaration and the record of the Cases, the Debtors and their respective managers, agents, successors, predecessors, control persons, members, officers, directors,

employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, to the extent applicable, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code. Therefore, the foregoing entities are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the exculpation provisions set forth in Section 10.4 of the Plan.

EE.     Implementation.  All documents necessary to implement the Plan, including those contained in the Plan Supplement and all documents evidencing, effectuating or relating to the sale and transfer of title of the Property (the "Sale") to the 401 Purchaser and 425 Purchaser (the "Sale Documents"), and all other relevant and necessary documents have been developed and negotiated in good faith and at arms'-length and shall, on completion of documentation and execution, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

FF.     Injunction, Exculpation, and Releases.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunction, exculpation, and releases set forth in Article 10 of the Plan, as modified herein.  Section 105(a) of the Bankruptcy Code permits issuance of the injunction and approval of the releases and exculpation set forth in Article 10 of the Plan (as modified herein), if, as has been established here based on the record in the Cases and the evidence presented in the Confirmation Declaration and at the Confirmation

Hearing, such provisions (i) were integral to the settlement of the various disputes described in the Disclosure Statement and other pleadings filed in the Cases among the various parties-in-interest and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors, their estates, and parties-in-interest.

GG.     Pursuant to section 1123(b)(3) of the Bankruptcy Code, the releases, exculpation, and injunction set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors and their estates, creditors, and equity holders.  The releases of non-Debtors under the Plan are fair to holders of Claims and are necessary to the proposed reorganization, thereby satisfying the requirements of In re Continental Airlines, Inc., 203 F.3d 203, 214 (3d Cir. 2000).  Such releases are given in exchange for and are supported by, sufficient and adequate consideration provided by each and all of the parties receiving such releases.  The Confirmation Declaration and the record of the Confirmation Hearing and these Cases are sufficient to support the releases, exculpation, and injunction provided for in Article 10 of the Plan (as modified herein).  Accordingly, based on the record of the Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented in the Confirmation Declaration and at the Confirmation Hearing, the Court finds that the injunction, exculpation, and releases set forth in Article 10 of the Plan (as modified herein) are consistent with the Bankruptcy Code and applicable law.  The failure to implement the injunction, release, and exculpation provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan.

HH.     Satisfaction of Confirmation Requirements.  Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

II.     <u>Implementation</u>. All documents necessary to implement the Plan, including those contained in the Plan Supplement, the Sale Documents, and all other relevant and necessary documents have been negotiated in good faith and at arms'-length and shall, on completion of documentation and execution, be valid, binding, and enforceable agreements and not in conflict with any federal or state law.

JJ.     <u>Good Faith</u>. The (i) Debtors, (ii) Senior Agent, (iii) Senior Lenders, (iv) DIP Agent, (v) DIP Lenders, (vi) 401 Purchaser and 425 Purchaser, and (vii) all of their respective managers, members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates, and representatives will be acting in good faith if they proceed to (I) consummate the Plan and the agreements, transactions, and transfers contemplated thereby, including, but not limited to, the Sale, and (II) take the actions authorized and directed by this Confirmation Order.

KK.     <u>Purchase Price and Terms of Sale; Reliance by Purchaser and Third Parties</u>. The purchase price paid by the 401 Purchaser and 425 Purchaser for the Property under and in connection with the Plan and Sale Documents is reasonable and sufficient under the circumstances. The Sale will be simultaneous with and subject to the consummation of the Plan. The 401 Purchaser and 425 Purchaser would not have agreed to purchase the Property if not for the effectiveness of the transactions contemplated by the Plan, and have relied upon the finality of the effectiveness of the Plan in making such purchase decisions.

LL.     <u>Retention of Jurisdiction</u>. The Court may properly, and on the Effective Date shall, retain exclusive jurisdiction overall matters arising out of, and related to, the Debtors' Cases, including the matters set forth in Article 11 of the Plan and section 1142 of the Bankruptcy Code.

## **ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.　　Findings of Fact and Conclusions of Law. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2.　　Notice of the Confirmation Hearing. Notice of the Confirmation Hearing complied with the terms of the Scheduling Order, was appropriate and satisfactory based on the circumstances of the Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3.　　Solicitation. The solicitation of votes to accept or reject the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based on the circumstances of the Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

4.　　Ballot. The form of Ballot used in the Solicitation and attached as an exhibit to the Voting Certification is in compliance with Bankruptcy Rule 3018(c), as modified, conforms to Official Form Number 14, and is approved in all respects.

5.　　The Disclosure Statement. The Disclosure Statement (a) contains accurate and adequate information of a kind generally consistent with the disclosure requirements of applicable non-bankruptcy law, including the Securities Act, the Exchange Act and applicable rules promulgated thereunder, (b) contains "adequate information" (as such term is defined in section 1125(a)(l) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, the Property, and the transactions contemplated therein, and (c) is approved in all respects. The Debtors are not offering to issue any new securities pursuant to the Plan.

However, to the extent that the Debtors' solicitation of acceptances of the Plan is deemed to constitute an offer of new securities, the Debtors and the 401 Purchaser and 425 Purchaser are exempt from the registration requirements of the Securities Act (and of any equivalent state securities or "blue sky" laws) with respect to such solicitation under section 4(2) of the Securities Act and Regulation D promulgated thereunder. Section 4(2) exempts from registration under the Securities Act all "transactions by an issuer not involving any public offering." 15 U.S.C. § 77d(2).

6.    Confirmation of the Plan. The Plan and each of its provisions shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code. The documents contained in the Plan Supplement are authorized and approved. The terms of the Plan (as amended hereby), including the Plan Supplement, are incorporated by reference into, and are an integral part of, this Confirmation Order.

7.    Objections Resolved or Overruled. All objections, responses to, and statements and comments, if any, in opposition to, the Plan, other than those withdrawn, waived, or settled prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, overruled in their entirety.

8.    General Authorizations. The Plan was approved by each of the requisite members of the Debtors. Except to the extent provided in the Sale Documents, pursuant to the appropriate provisions of the General Limited Liability Company Act of Delaware, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors or Holders of Interests in the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan, including the Sale Documents.

9.    <u>Binding Effect</u>.  On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, all Holders of Claims against and Interests in the Debtors (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties which are party to Executory Contacts and Unexpired Leases with any of the Debtors, any other party-in-interest in the Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

10.    <u>Vesting of Assets</u>.  On the Effective Date, pursuant to sections 1141(b) and (c) of the Bankruptcy Code and this Order, all property of the Debtors' estates, except such property which is retained by the Debtors (including Cash to be distributed by the Debtors) pursuant to the Plan, contracts not assumed by the Debtors and assigned to the 401 Purchaser and 425 Purchaser pursuant to the Plan and Sale Documents and any Cash to which Senior Lenders are entitled pursuant to the Plan, shall vest in the 401 Purchaser and 425 Purchaser free and clear of all Liens, Claims, Encumbrances, charges, and/or other interests of the Debtors, the Senior Agent, the Senior Lenders, the DIP Agent, the DIP Lenders, and any other creditors, equity security holders, members, partners, managers, or otherwise of any of the foregoing and any other Person and governmental unit, and the 401 Purchaser and 425 Purchaser may use and dispose of the Property free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, and in all respects as if the Cases were not pending.

11.    <u>DIP Financing Claims</u>.  On the Effective Date, the Debtors shall pay all Allowed DIP Financing Claims in full in Cash from the cash collateral and proceeds of the sale of the Property.  On payment and satisfaction in full of all Allowed DIP Financing Claims, all Liens,

Claims, Encumbrances and security interests granted to secure such obligations, whether in the Cases or otherwise, shall be terminated and of no further force or effect.

12. <u>Implementation of the Plan</u>. The Debtors and the Post-Effective Date Debtors, as applicable, shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement and among or contemplated by the Sale Documents, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan and sale of the Property pursuant to the Sale Documents. On and after the Effective Date, the appropriate officers or representatives of the Post-Effective Date Debtors and their members are authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement or referred to in the Plan or the Sale Documents, as may be necessary to implement the Plan and all transactions contemplated thereunder in the name of and on behalf of the Post-Effective Date Debtors.

13. <u>Allowance of Senior Lenders' Claims</u>. Notwithstanding any other requirement under applicable law, and pursuant to the Final DIP Order entered February 26, 2010 [Docket No. 55], (a) the Senior Lender Claims are hereby Allowed on a final basis as Class 1 Claims in the aggregate amount of not less than $190,000,000, plus: (i) accrued and unpaid interest at the applicable default rate set forth in the Senior Loan Document for the period from the Maturity Date through and including the Petition Date; (ii) protective advances made pursuant to the Senior Loan Agreement prior to the Petition Date; and (iii) reasonable and documented out-of-pocket fees and actual expenses payable from the Maturity Date through and including the Petition Date, subject to the terms and conditions of the Senior Loan Documents, inclusive of

interest, fees and costs, and (b) neither the Senior Agent nor any Senior Lender shall be required to file a proof of claim on account of any such Claims.

14.     The Sale.  The Sale is in the best interests of the Debtors, their estates, and parties- in-interest.  The Debtors and the 401 Purchaser and 425 Purchaser are hereby authorized to consummate the Sale and transfer the Property to the 401 Purchaser and 425 Purchaser free and clear of all Liens, Claims, Encumbrances, charges, and/or other interests and as further set forth in the Plan and Sale Documents and take any additional action necessary to consummate the Sale or as otherwise contemplated by the Plan, Plan Supplement and/or Sale Documents.  In addition, on and after the Effective Date, the Debtors or the Post-Effective Date Debtors, as the case may be, shall (a) cause the transfer of the Property to the 401 Purchaser and 425 Purchaser in accordance with the Plan, Plan Supplement, Sale Documents and this Confirmation Order and/or (b) engage in any other transaction in furtherance of and to effectuate the provisions of the Plan, Plan Supplement and Sale Documents and Confirmation Order.

15.     Subordination.  Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of this Court, the classification and manner of satisfying all Claims and Interests under the Plan takes into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

16.     Professional Compensation.  Except as provided in the Plan, all entities seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under section 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code (1) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is forty-five (45) days after the Effective Date, (ii) shall be paid in full

in Cash by the Senior Lenders from proceeds of the sale of the Property or other funds in such amounts as are allowed by the Bankruptcy Court following notice and a hearing in accordance with the procedures established by the Bankruptcy Code and any prior Court orders (A) on the later of (x) the Effective Date, or (y) within five (5) Business Days after the date on which the order approving such Allowed Administrative Expense Claim is entered, or (B) on such other terms as may be mutually agreed on between the holder of such an Allowed Administrative Expense Claim and the Debtors or, on and after the Effective Date, the Post-Effective Date Debtors.

17.     Except as otherwise specifically provided in the Plan, from and after the Effective Date, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, the reasonable legal, professional, or other fees and expenses related to implementation and Consummation of the Plan incurred by the Debtors shall be paid by the Senior Lenders subject to the limitations provided in Section 5.02 of the Plan. Upon the Effective Date, any requirement that Professionals comply with sections 327 through 331 and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

18.     Debtors Release.  Notwithstanding anything contained herein or the Plan to the contrary, on and effective as of the Effective Date, pursuant to Section 10.02 of the Plan, for the good and valuable consideration provided by (I) (a) each of the current and former managers, members, officers, employees, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals and Affiliates of the Debtors, and (b) all current and former managers, members, officers, directors, employees, partners, attorneys, financial

advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates of each Person or Entity set forth in clause (a), each in their respective capacities as such (the "Debtor Releasees"), and (II) the Senior Agent, the Senior Lenders, the DIP Agent, the DIP Lenders, the Mezzanine Agent, the Mezzanine Lenders, the 401 Purchaser and 425 Purchaser, the Holders of Interests in the Debtors, each Holder of a Claim who votes to accept the Plan, and, to the fullest extent permissible under applicable law, as such law may be extended or interpreted after the Effective Date, each Holder of a Claim who directly or indirectly is entitled to receive a distribution under the Plan (including via an attorney, agent, indenture trustee or securities intermediary), and all of the respective current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals and Affiliates of each of the foregoing, each in their respective capacities as such (the "Third Party Releasees"), including, without limitation, the discharge of debt and all other good and valuable consideration paid pursuant hereto, and the services of the Debtors' current managers, members and advisors in facilitating the expeditious implementation of the transactions contemplated by the Plan, each of the Debtors shall be deemed to have provided a full discharge and release to each Debtor Releasee and to each Third Party Releasee (and each such Debtor Releasee and Third Party Releasee so released shall be deemed fully released and discharged by the Debtors) and their respective properties from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those that any of the Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or that any Holder of a Claim or a Interest or other entity would have been legally entitled to assert on behalf of any of the Debtors

or any of their estates, and further including those in any way related to the Cases or the Plan; provided, however, that such "Debtor Release" shall not operate to waive or release any Causes of Action of any Debtor: (1) against a Third Party Releasee (other than the DIP Agent, the DIP Lenders, the Senior Agent, the Senior Lenders, the Mezzanine Agent and the Mezzanine Lenders, each in their capacities as such) arising from any contractual obligations owed to the Debtors; (2) expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; (3) arising from any obligation under the Senior Settlement Agreement, the Mezzanine Settlement Agreement or the OCIP Letter Agreement; or (4) arising from claims for fraud or willful misconduct.

19.     In addition, notwithstanding anything herein or the Plan to the contrary, the Plan shall not release any Causes of Action (other than avoidance actions and claims under Chapter 5 of the Bankruptcy Code) that the Debtors have or may have now or in the future against any non-released parties.  In addition, entry of this Confirmation Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, and further shall constitute the Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Debtor Releasees and the Third Party Releasees, a good faith settlement and compromise of the claims released by the Debtor Release and the Third Party Release (defined below); (2) in the best interests of the Debtors and their estates and all Holders of Claims; (3) fair, equitable and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the Debtors asserting any claim released by the Debtor Release against any of the Debtor Releasees or Third Party Releasees.

20.     Third Party Release.  Pursuant to Section 10.03 of the Plan, as amended hereby solely with respect to Holders of Class 5 General Unsecured Claims, notwithstanding anything contained herein or the Plan to the contrary and to the fullest extent permitted by applicable law,

on and effective as of the Effective Date, each of the Debtors, the Debtor Releasees, the Guarantors, the DIP Agent, the DIP Lenders, the Senior Agent, the Senior Lenders, the Mezzanine Agent, the Mezzanine Lenders, the 401 Purchaser and 425 Purchaser, Holders of Interests in the Debtors, each Holder of a Claim belonging to a Class that either votes to accept the Plan or is deemed to accept the Plan, and, to the fullest extent permissible under applicable law, as such law may be extended or interpreted after the Effective Date, all other Holders of Claims and Interests (regardless of whether a Releasing Party is a Third Party Releasee), other than Holders of Class 5 General Unsecured Claims (collectively, the "Releasing Parties"), shall be deemed to have provided a full discharge and release (and each entity so released shall be deemed released by the releasing parties) to the Debtors, Third Party Releasees and the Debtor Releasees and their respective property from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the Effective Date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those in any way related to the Cases or the Plan; provided, however, that this "Third Party Release" shall not operate to waive or release any Causes of Action: (1) of any Holder of a Class 5 General Unsecured Claim against a Third Party Releasee; (2) of any Releasing Party against a Third Party Releasee (other than the DIP Agent, the DIP Lenders, the Senior Agent, the Senior Lenders, the Mezzanine Agent and the Mezzanine Lenders, each in their capacities as such, and all of the current and former managers, members, officers, directors, employees, partners, attorneys, financial advisors, accountants, managed funds, investment bankers, investment advisors, actuaries, professionals, agents, affiliates, fiduciaries and representatives of each of the foregoing entities, each in their respective capacities as such) arising from any contractual obligations owed to any Releasing Party, unless expressly released pursuant to the Senior Settlement Agreement, Mezzanine Settlement

Agreement or the OCIP Letter Agreement; (3) expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; (4) of any Releasing Party arising from any obligation of the Debtors under the Senior Settlement Agreement, Mezzanine Settlement Agreement or the OCIP Letter Agreement; (5) of any Releasing Party arising from claims for fraud or willful misconduct; or (6) of the 401 Purchaser and 425 Purchaser against the Senior Agent and/or Senior Lenders arising under any contract or agreement between the 401 Purchaser and 425 Purchaser and the Senior Agent and/or Senior Lenders.

21.     In addition, except as otherwise provided in the Plan, the Plan does not release any Causes of Action (other than avoidance actions and claims under Chapter 5 of the Bankruptcy Code) that the Debtors have or may have now or in the future against any non-released parties. Furthermore, entry of this Confirmation Order shall constitute the Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, and further, shall constitute the Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Debtors, the Third Party Releasees and the Debtor Releasees, a good faith settlement and compromise of the claims released by the Third Party Release; (2) in the best interests of the Debtors and their estates and all Holders of Claims; (3) fair, equitable and reasonable; (4) given and made after due notice and opportunity for hearing; and (5) a bar to any of the releasing parties asserting any claim released by the Third Party Release against any of the Debtors, Third Party Releasees or the Debtor Releasees.

22.     <u>Senior and Mezzanine Lender Releases</u>.  Notwithstanding anything contained herein or the Plan to the contrary and to the fullest extent permitted by applicable law, pursuant to Section 10.07 of the Plan, on and effective as of the Effective Date, each Holder of a Claim or Interest shall be deemed to have provided a full discharge and release to (and each entity so released shall be deemed released by) the Senior Agent, the Senior Lenders, the Mezzanine

Agent, the Mezzanine Lenders, the Affiliates of each of the foregoing and each of the respective directors, officers, employees, managers, members, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents and representatives of each of the foregoing, each in their respective capacities as such (each a "Lender Releasee"), and their respective property from any and all Causes of Action, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, contingent or non-contingent, existing as of the effective date in law, at equity, whether for tort, fraud, contract, violations of federal or state securities laws or otherwise, arising from or related in any way to the Debtors, including, without limitation, those in any way related to the Cases or the Plan, provided, however, that this "Senior Lender Release; Mezzanine Lender Release" shall not operate to waive or release any Causes of Action: (1) arising from any contractual obligations owed by such Lender Releasee to such Holder of a Claim or Interest; (2) expressly set forth in and preserved by the Plan, the Plan Supplement or related documents; (3) arising from any obligation under the Senior Settlement Agreement, the Mezzanine Settlement Agreement or the OCIP Letter Agreement; or (4) arising from claims for fraud or willful misconduct.

23.     <u>Binding Release and Exculpation Provisions</u>.  All release and exculpation provisions embodied in Article 10 of the Plan (as modified herein) are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

24.     <u>Avoidance Actions Waived</u>.  Pursuant to Section 10.05 of the Plan, on the Effective Date, the Debtors irrevocably waive all avoidance actions and claims under Chapter 5 of the Bankruptcy Code.

25.     <u>Term of Injunctions or Stays</u>.  Unless otherwise provided, all injunctions or stays arising under or entered during the Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until

the later of the Effective Date and the date indicated in the order providing for such injunction or stay. On the entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

26.    <u>Payment of Statutory Fees</u>.  All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on the Effective Date and thereafter as may be required.

27.    <u>Assumption or Rejection of Contracts and Leases</u>.  Pursuant to Section 6.01 of the Plan, except as otherwise provided herein, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each executory contract and unexpired lease to which it is a party, pursuant to section 365 of the Bankruptcy Code, unless such contract or lease (1) previously has been assumed or rejected pursuant to a Final Order, (ii) previously expired or terminated by its own terms, (iii) is set forth in a schedule, as an executory contract or unexpired lease to be assumed, filed as part of the Plan Supplement, (iv) is the subject of a separate motion to assume or reject such executory contract or unexpired lease filed by the Debtors (with approval of the 401 Purchaser and 425 Purchaser) under section 365 of the Bankruptcy Code prior to the Confirmation Date, or (v) is otherwise treated in a manner agreed upon by the Debtors, the Senior Agent, the 401 Purchaser and 425 Purchaser and the counterparty to such executory contract or unexpired lease.  Unless otherwise specified, all executory contracts and unexpired leases specified in the schedule to the Plan Supplement as being assumed by the Debtors shall be assigned to the 401 Purchaser and 425 Purchaser on, and effective as of, the Effective Date.  This Order shall constitute an order of the Bankruptcy Court under sections 365

and 1123(b) of the Bankruptcy Code approving the contract and lease assumptions or rejections described above, as of the Effective Date.

(b)      Disputes, if any, relating to default cure claims or the ability of the Debtors (or their assignee) to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) shall be resolved in accordance with Section 6.02 of the Plan.

28.      In accordance with section 365(g) of the Bankruptcy Code, Claims arising from the rejection of any executory contract or unexpired lease shall be deemed to be a Class 5 General Unsecured Claim and shall receive the treatment set forth in the Plan relating to such Claims.

29.      Dissolution of Debtors.  Each of the Debtors shall be dissolved on or within 120 days of the Effective Date, without the need for further member, shareholder or Court action, and this Confirmation Order shall constitute the plan of distribution as is required under Delaware law.  The Post-Effective Date Debtors shall be empowered to perform any and all Post-Effective Date Transactions in accordance with Section 5.05 of the Plan and all related activities.

30.      Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Article 12 of the Plan and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising in, arising under, and related to the Cases, the Plan and the sale of the Property to the 401 Purchaser and 425 Purchaser pursuant to the Plan, to the fullest extent as is legally permissible.

31.      Exemption from Certain Taxes.  Any transfer from a Debtor to any entity, including the 401 Purchaser and 425 Purchaser, pursuant to, in contemplation of, or in connection with the Plan, any issuance, transfer, or exchange of notes or equity securities under

30

the Plan, the creation or continuation of any mortgage, deed of trust, lien, pledge or other security interest, the making or assignment of any lease or sublease, and the making or delivery of any deed or other instrument of transfer under, in furtherance of or in connection with the Plan, including the sale of the Property to the 401 Purchaser and 425 Purchaser under and in accordance with the Plan, shall be exempt from documentary stamp taxes, intangible taxes, mortgage recording taxes, transfer taxes, and all other taxes pursuant to section 1146(a) of the Bankruptcy Code. All governmental officials and agents shall forego the assessment and collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without payment of such tax or other governmental assessment.

32. <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

33. <u>Reversal/Stay/Modification or Vacatur of Confirmation Order</u>. If any or all of the provisions of this Confirmation Order or the Plan are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, transfer, obligation, indebtedness, liability, priority, security interest granted or lien incurred or undertaken by the Debtors or the Post-Effective Date Debtors, as applicable, prior to the occurrence of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the occurrence of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan. Specifically, notwithstanding any such reversal, stay, modification, or

vacatur of this Confirmation Order, any obligation incurred by the Debtors or the Post-Effective Date Debtors, as applicable, prior to the occurrence of such reversal, stay, modification, or vacatur under the DIP Credit Facility and/or Sale Documents shall be governed in all respect by the provisions of this Confirmation Order and the Plan, and the DIP Agent, DIP Lenders and 401 Purchaser and 425 Purchaser shall be entitled to all of the rights, remedies, privileges and benefits granted herein and pursuant to the DIP Credit Facility and/or Sale Documents.

34.     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to the principles of conflict of laws thereof.

35.     Applicable Nonbankruptcy Law.  Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

36.     Waiver of Filings.  Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors or Post-Effective Date Debtors, as applicable, to file any list, schedule, or statement with the Court or the Office of the United States Trustee (except for monthly operating reports or any other post-confirmation reporting obligation to the United States Trustee), is hereby waived as to any such list, schedule, or statement not filed as of the Confirmation Date.

37.     Documents, Title and Other Instruments.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized and directed to accept any and

all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan, including, but not limited to, the Sale of the Property to the 401 Purchaser and 425 Purchaser and dissolution of the Debtors, and this Confirmation Order.

38.     Upon the filing of this Confirmation Order with the clerk of the court of the respective counties in which the Property is located or in which any Liens, Claims, Encumbrances, charges, and/or other interests shall have been filed on or in the Property, the recording office for the real property records for the county where the Property is located, or the secretary of state for any state in which any Liens, Claims, Encumbrances, charges, and/or other interests shall have been filed on or in the Property, this Confirmation Order shall constitute a satisfaction and release of all such Liens, Claims, Encumbrances, charges, and/or other interests on or in the Property.  The 401 Purchaser and 425 Purchaser are authorized to file this Confirmation Order (or an abstract thereof) with any such filing or recording office as necessary or appropriate to evidence such satisfactions and releases, and this Confirmation Order is deemed to be in recordable form sufficient to be placed in the filing or recording system maintained by any such filing or recording office.  The 401 Purchaser and 425 Purchaser are hereby also authorized to prepare and file UCC-3 termination statements, or amendments as appropriate, to effectuate the provisions of this Confirmation Order.

39.     Governmental Approvals Not Required.  This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts or transactions referred to in, or contemplated by, the

Plan and the Disclosure Statement, including, but not limited to, the Sale of the Property to the 401 Purchaser and 425 Purchaser pursuant to the Plan.

40.     Notice of Confirmation Order and Occurrence of Effective Date.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of the entry of this Confirmation Order, substantially in the form annexed hereto as Exhibit B, on all parties who hold a Claim or Interest in these Cases, including the United States Trustee.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and the occurrence of the Effective Date.

41.     Substantial Consummation.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

42.     Inconsistency.  To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

43.     No Waiver.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

44.    Final Order.  This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Confirmation Order shall be effective immediately.

Dated: March 16 , 2010
       Wilmington, Delaware

_____
Honorable Kevin J. Carey
Chief United States Bankruptcy Judge